IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| MARK E. CAWOOD, *et al.*,<br><br>    Plaintiffs<br><br>v.<br><br>POTOMAC ELECTRIC POWER<br>COMPANY, *et al.*,<br><br>    Defendants. | Civil No._____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Potomac Electric Power Company ("Pepco"), by counsel, hereby notifies this Court of the removal of Case No. CAL 06-19784, which was filed in the Circuit Court for Prince George's County, Maryland. As grounds for removing this action, Pepco states as follows:

1.   On May 2, 2006, Plaintiffs Mark Cawood, Joseph Joyner, and Margaret Joyner initiated this action, Cawood, et al. v. Potomac Electric Power Company, et al., in the Circuit Court of Prince George's County, Maryland (Case No. CAL 06-09784). Plaintiffs assert claims against Pepco and Montgomery Investigative Services, LLC ("MIS") for negligence, assault, intentional infliction of emotional distress, trespass, nuisance, defamation, invasion of privacy, respondeat superior, civil conspiracy, and loss of consortium.

2.   Pepco was served with the Complaint on June 5, 2006. MIS was served with the Complaint on May 31, 2006.

3.      Plaintiffs Mark Cawood and Joseph Joyner are employees of Pepco. They are represented by Local Union #1900 of the International Brotherhood of Electrical Workers ("the Union"), and the terms and conditions of their employment are covered by the collective bargaining agreement between Pepco and the Union, effective May 30, 2004 through May 31, 2009.

4.      The Complaint asserts that Pepco hired MIS to follow Mr. Cawood and Mr. Joyner during working hours and to investigate their conduct.

5.      Prior to filing this action, the Union brought grievances against Pepco on behalf of Mr. Cawood and Mr. Joyner through the grievance and arbitration procedures set forth in the collective bargaining agreement, stating that Pepco had conducted an improper investigation.

6.      This Notice of Removal is filed within 30 days of Pepco's receipt of Plaintiffs' Complaint and is otherwise timely under 28 U.S.C. § 1446(b).

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Mr. Cawood and Mr. Joyner's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

8.      Section 301 provides that claims for violation of collective bargaining agreements may be brought in any district court of the United States having jurisdiction of the parties, regardless of the parties' citizenship. State law claims are preempted by the LMRA where resolution of the claims is substantially dependent upon analysis of the terms of the collective bargaining agreement. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985).

9.      Mr. Cawood and Mr. Joyner's claims are preempted pursuant to the "complete preemption" doctrine, whereby a statute may have such a preemptive force as to convert an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded

complaint rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). The complete preemption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims preempted by Section 301 of the LMRA. Id.

10.  Where a state law claim is preempted by the LMRA – i.e., when complete preemption is at play – a case is removable to federal court. See, e.g., McCormick v. AT&T Technologies, Inc., 934 F.2d 531, 534 (4th Cir. 1991) ("if [plaintiff's] state law claims are preempted by Section 301 of the LMRA…it is plain that the case was properly removed to federal court"); Childers v. Chesapeake & Potomac Telephone Co., 881 F.2d 1259, 1262 (4th Cir. 1989) ("If appellant's claims are preempted by Section 301 of the LMRA, removal was appropriate in this case").

11.  Defendant MIS consents to the removal of this action. A Consent to Removal form on behalf of MIS is attached hereto as Exhibit A.

12.  As required by 28 U.S.C. § 1446(d), Pepco will provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of the Circuit Court of Prince George's County, Maryland. A true and correct copy of the Notice of Removal of Civil Action, which is being filed in the Circuit Court for Prince George's County, Maryland on this same date, is attached hereto as Exhibit B.

13.  As required by Local Rule 103.5, true and correct copies of Plaintiffs' Complaint, Civil Case Information Report, Line to Issue Summons, Summons to Pepco, Summons to MIS, Affidavit of Service on Pepco, Affidavit of Service on MIS, and Certificate Regarding Discovery, are attached hereto as Exhibits C through J, respectively.

Respectfully submitted,

*Stanley J. Brown / CMB*
Stanley J. Brown, MD Fed. Bar # 04182
HOGAN & HARTSON L.L.P.
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Tel: 703-610-6150
Fax: 703-610-6200

Philip R. Zuber
Sasscer, Clagett & Bucher
Suite 101
5407 Water Street
Upper Marlboro, MD 20772
Tel: 301-627-5500
Fax: 301-627-4156

Attorneys for Defendant, Potomac Electric Power Company

Dated: June 30, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal by Defendant Potomac Electric Power Company was served his 30th day of June, 2006, by hand delivery, to:

>Kevin J. McCarthy
>Michael J. Winkelman
>McCarthy & Winkelman, L.L.P.
>One Town Center
>4201 Northview Drive, Suite 410
>Bowie, MD 20716-2668
>
>Paul K. Urey, III
>The Urey Law Firm, L.L.C.
>Post Office Box 175
>Dunkirk, MD 20754
>
>Attorneys for Plaintiffs
>
>
>Scott Goetsch
>Moore & Jackson, L.L.C.
>305 Washington Avenue, Suite 401
>Baltimore, MD 21204
>Tel: 410-583-5241
>Fax: 410-583-7519
>
>Attorney for Defendant Montgomery
>Investigative Services, L.L.C.

_____
Christine M. Burke