**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **MARK E. CAWOOD, ET AL.,** | * | |
| Plaintiffs | * | |
| v. | * | Case number: 06cv1683 RWT |
| **POTOMAC ELECTRIC POWER COMPANY, ET AL.,** | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Plaintiffs Mark E. Cawood, Joseph Joyner and Margaret Joyner ("Plaintiffs") brought this action against Potomac Electric Power Company ("PEPCO"), and Montgomery Investigative Services ("MIS"), claiming liability for various torts arising out of PEPCO's alleged hiring of MIS to follow and otherwise track the location of two of its employees, Mr. Cawood and Mr. Joyner, during the fall of 2005. Mr. Cawood and Mr. Joyner both hold the position of Lead Cable Splicer/Mechanic with PEPCO, and are members of Local Union #1900 of the International Brotherhood of Electrical Workers ("the Union"). The Union and PEPCO have entered into a Collective Bargaining Agreement ("CBA"), effective May 30, 2004 through May 31, 2009.

Plaintiffs' complaint was initially filed in the Circuit Court for Prince George's County, Maryland, against both PEPCO and MIS. PEPCO removed the case to this Court, asserting that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).[1] Plaintiffs filed an Opposition to PEPCO's Notice of Removal, which the Court has treated as Motion

---

[1] Defendant MIS consented to the removal.

to Remand. For the reasons that follow, this Court will enter an order remanding this case to state court.

BACKGROUND

According to Plaintiffs' Complaint, in September, 2005, Mr. Cawood found a tracking device—a telephone with global positioning satellite—attached to his private vehicle. He removed the device and placed it in his home. Around the same time, Mr. Joyner noticed a van in his neighborhood, and realized that he was being followed. Mr. Cawood, too, noticed that he was being followed; on one occasion, he attempted to approach the driver, "and the individual following him accelerated rapidly[,] almost striking [him]." Neither Mr. Cawood nor Mr. Joyner knew why they were being followed.

Mr. Cawood soon learned that the device he found on his car belonged to MIS. In conversations with representatives of MIS, Mr. Cawood was told that MIS "would take any action necessary to secure return of the tracking device." Mr. Cawood and Mr. Joyner eventually learned that MIS had been hired by PEPCO, their employer, to investigate them.[2] MIS's investigation of Mr. Cawood and Mr. Joyner continued into January, 2006.

On or about May 4, 2006, Plaintiffs filed a Complaint in the Circuit Court for Prince George's County, Maryland, alleging that under Maryland state law, Defendants' actions constituted negligence, assault, intentional infliction of emotional distress, trespass, nuisance, defamation, invasion of privacy, civil conspiracy and loss of consortium.

---

[2] PEPCO appears to acknowledge that it used "an investigative service to follow [Mr. Cawood and Mr. Joyner] on a few occasions in order to determine whether they were reporting to work as required." *See* Mem. of Points and Authorities in Supp. of its Mot. to Dismiss, or in the Alternative, for Summ. Judgment., at 2.

ANALYSIS

As PEPCO concedes, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921)). The federal courts "are obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (quoting *Mulcahey*, 29 F.3d at 151).

Preemption under § 301 of the LMRA occurs only when resolution of a state law claim *requires interpretation* of a CBA. *See Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405-06, (1988); *see also McCormick v. AT&T Technologies, Inc.*, 934 F.2d 531, 534 (4th Cir. 1991). However, "not every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 211 (1985). *See also Livadas v. Bradshaw,* 512 U.S. 107, 124 (1994) (noting that mere consultation of a CBA does not require federal preemption of state law claims under § 301 of the LMRA); *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 773 (4th Cir. 1998) (same). Hence, a district court's determination of whether a state law claim is preempted by § 301 of the LMRA is fact-specific, requiring an analysis of how the specific claims of that case relate to the CBA between the parties. *Compare Foy v. Giant Food Inc.*, 298 F.3d 284, 289 (2002) (holding that the plaintiff's tort claims involving an employer's investigation of an altercation *at the workplace* were preempted under § 301 of the LMRA), *and McCormick*, 934 F.2d at 533 (holding that state law tort claims involving management actions in disposing of the contents of the *plaintiff's locker on the employer's premises* were preempted under § 301 of the LMRA), *with Lingle*, 486 U.S.

at 407 (1988) (reversing the Court of Appeals, and holding that the plaintiff's retaliatory discharge claim was not preempted by § 301 of the LMRA), *and Owen v. Carpenters' District Council*, 161 F.3d 767, 773 (4th Cir. 1998) (reversing the district court, and holding that the plaintiff's wrongful discharge claim involving alleged sexual harassment by the plaintiff's supervisor was not preempted under § 301 of the LMRA), *and Jackson v. Kimel*, 992 F.2d 1318, 1327 (4th Cir. 1993) (reversing the district court in part, and holding that the plaintiff's intentional infliction of emotional distress claim involving alleged sexual harassment by the plaintiff's supervisor was not preempted under § 301 of the LMRA).

In reviewing Plaintiff's Complaint in the instant case, the Court notes that Plaintiffs' claims appear to arise out the alleged placement of a tracking device on Mr. Cawood's private vehicle; Mr. Cawood's apparent perception that MIS was threatening him for taking the tracking device off his car and keeping it in his home; Mr. Cawood's attempt to confront an employee of MIS, who nearly struck Mr. Cawood with his vehicle; the presence of MIS employees in the neighborhood of Mr. and Mrs. Joyner's home; the fact that employees of MIS followed Mr. Cawood and Mr. Joyner on more than one occasion; and the effect that these incidents had on Mr. and Mrs. Joyner's marriage. In an effort to justify federal preemption under § 301, PEPCO seems to contend that these investigative services were used to determine whether Mr. Cawood and Mr. Joyner were reporting to work as required.

PEPCO fails, however, to point to any provision of the CBA that this Court would need to interpret or apply in the course of this litigation. *See generally Lingle*, 486 U.S. at 405-06. PEPCO's bald assertion that MIS's services were used to determine whether Mr. Cawood and Mr. Joyner were reporting to work is insufficient to determine whether this Court would need to interpret the CBA,

merely consult the CBA, or even see the CBA—the terms of which are unknown to this Court. *See generally Livadas,* 512 U.S. at 124; *Lingle*, 486 U.S. at 405-06. Considering the important federalism concerns implicated in questions of federal preemption, *see Mulcahey*, 29 F.3d at 151, this Court is not inclined to speculate as to the basis of federal jurisdiction.  The Court finds, therefore, that PEPCO has not met its burden of establishing that federal jurisdiction is proper under § 301 of the LMRA.  *See generally Mulchaney*, 29 F.3d at 151.

## CONCLUSION

Accordingly, for the reasons articulated above, the Court will grant Plaintiffs' Motion to Remand and remand this case to the Circuit Court for Prince George's County by separate order.

October 13, 2006 /s/
Date ROGER W. TITUS
UNITED STATES DISTRICT JUDGE